# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re

PAMELA G. CRITTEN,  Case No. 14-10944-WRS

    Debtor

PAMELA G. CRITTEN,

    Plaintiff

    v.  Adv. Pro. No. 14-1050-WRS

QUANTUM3 GROUP, LLC.

    Defendant

## MEMORANDUM DECISION

This Adversary Proceeding is before the Court on the Motion for Judgment on the Pleadings filed by Defendant Quantum3 Group, LLC. (Doc. 27). The motion is fully briefed. (Docs. 27, 32, 33). For the reasons set forth below, the motion is GRANTED and the complaint of Plaintiff Pamela G. Critten is DISMISSED WITH PREJUDICE.

## I. FACTS

Plaintiff Pamela G. Critten filed a petition in bankruptcy pursuant to Chapter 13 of the Bankruptcy Code on May 21, 2014. (Case No. 14-10944, Doc. 1). Defendant Quantum3 Group, LLC, filed a timely proof of claim on July 7, 2014. (Case No. 14-10944, Claim No. 3). The underlying claim is for an indebtedness on a credit card. It appears that Critten's indebtedness was assigned several times and that it is now owned by Galaxy Portfolios, LLC. Quantum is an agent for Galaxy and it filed Claim No. 3 on behalf of Galaxy. The claim is unsecured in the amount of $2,558.33.

On July 8, 2014, Critten filed an objection to the claim contending that it was barred by the statute of limitations. (Case No. 14-10944, Doc. 17). Under this Court's local rules, Quantum's response was due in 30 days. LBR 3001-1. As Quantum did not file a timely response, the Court sustained Critten's objection by default by its order dated August 13, 2014. (Case No. 14-10944, Doc. 27). On October 15, 2014, Quantum moved for reconsideration of the order sustaining Critten's objection to its claim. (Case No. 14-10944, Doc. 45). The Court denied the motion by its order of November 25, 2014. (Case No. 14-10944, Docs. 50, 51).

In the meantime, on July 18, 2014, Critten filed a complaint initiating this Adversary Proceeding. (Doc. 1). Critten amended her complaint on October 5, 2014.[1] (Doc. 14).

---

[1] Critten alleged in her original complaint that Quantum filed a claim which was barred by the statute of limitations and therefore a violation of the Fair Debt Collection Practices Act. (FDCPA). 5 U.S.C. § 1692. (Doc. 1). When Critten amended her complaint she abandoned her FDCPA claim, claiming instead that Quantum violated Bankruptcy Rule 3001 and Form B10. (Doc. 14). In light of Critten's abandonment of her FDCPA claim, the Court need not consider it now.

Quantum promptly answered the Amended Complaint (Doc. 15) and then doubled back and moved for judgment on the pleading. (Doc. 27).

## II. JURISDICTION AND PROCEDURAL SETTING

### A. Jurisdiction

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334(b). This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B). This is a final order.

### B. Procedural Setting

This Adversary Proceeding is before the Court on a Motion for Judgment on the Pleadings. Both parties assert that the Court is to use the same standard as it would on ruling on a motion to dismiss for failure to state a claim. Robert v. Abbett, Case No. 3:08-CV-329-WKW, 2009 WL 902488 (M.D. Ala. Mar. 31, 2009) That standard is as follows:

> A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. . . The pleading standard Rule 8 announces does not require detailed factual allegations but it demands more than an unadorned, the-defendant-unlawfuly-harmed-me accusation. . . A pleading that offers labels and conclusion or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged.

Ashcroft v. Iqbal, 556 U.S. 662, 677-79, 129 S.Ct. 1937, 1949-50 (2009) (internal citations omitted).

### C. Class Action Suit

The Plaintiff in this case seeks standing to proceed as a class pursuant to Rule 23, Fed. R. Civ. P., incorporated by Rule 7023, Fed. R. Bankr. P. Because the Court finds that the Plaintiff has failed to state a claim for which relief may be granted, the Court need not reach the question as to whether a class should be certified here.

### III. APPLICATION OF THE LAW TO THIS CASE

Having set out the appropriate legal standard, the Court will consider Quantum's motion on the merits. As Critten's Amended Complaint contains three counts, the Court will analyze each count separately.

### A. Count I of Critten's Amended Complaint is dismissed because: (1) it is moot; (2) she fails to state sufficient facts to show that Quantum has violated Rule 3001.

In Count I of her Amended Complaint (Doc. 14), Critten seeks the disallowance of Quantum's claim on the grounds that it failed to comply with the requirements of Bankruptcy

Rule 3001.[2] Count I is deficient for two reasons. First, in light of this Court's Order of August 13, 2014, sustaining Critten's Objection to Claim, thereby disallowing Quantum's claim, Count I should be denied as moot. Second, as Critten does not allege any facts in her Amended Complaint in support of her contention that Quantum's Proof of Claim violates Bankruptcy Rule 3001, she fails to state a claim. Third, even if Critten were to allege sufficient facts to show a Rule 3001 violation, it does not follow that a bankruptcy claim should be disallowed merely because a creditor failed to observe the rule.

### 1. Count I is moot.

Critten's request, in Count I of her Amended Complaint, is to disallow Quantum's claim in her bankruptcy case. As that has already been done, it need not be done again. The mootness doctrine arises out of the requirement that there must be a live case or controversy for a Federal Court to take jurisdiction over a proceeding. BankWest, Inc. v. Baker, 446 F.3d 1358, 1363-64 (11th Cir. 2006) (holding that case which becomes moot must be dismissed for want of a case or controversy); ITT Rayonier Inc. v. U.S., 651 F.2d 343, 345 (5th Cir. 1981); Florida Board of Bus. Reg. v. NLRB, 605 F.2d 916, 918-19 (5th Cir. 1979) (holding that an action becomes moot when "the issues presented are no longer 'live'").

---

[2] Critten alleged in her objection to Quantum's claim that it was barred by the statute of limitations. Her act of objecting again, under another theory, is probably barred by the doctrine of claim preclusion. As Count I is moot, the Court need not reach the question of claim preclusion.

In response to Quantum's mootness argument, Critten cites the case of <u>McBride v. CitiMortgage (In re McBride)</u>, Civ. No. 10 MC 3498-MHT, 2010 WL 1688017 (M.D. Ala. 4/23/2010). (Doc. 32, p. 3). In <u>McBride</u>, the District Court denied Defendant CitiMortgage's motion to withdraw the reference. The underlying claim in <u>McBride</u> was that CitiMortgage used false affidavits to obtain relief from the automatic stay and ultimately to wrongfully foreclose on the Debtor's home. <u>McBride</u> does not in any way, shape, or form address the issue as to whether Count I of Critten's complaint, which seeks disallowance of a claim, is moot. For this reason, Count I should be dismissed with prejudice.

### 2. Count I fails to plead sufficient facts to show a violation of Rule 3001

Critten's Amended Complaint is 14 pages long, consisting of 74 numbered paragraphs, many of which have lettered subparts. In addition, Critten attaches a 76 page transcript of proceedings in a Bankruptcy Court in Texas, involving Quantum. To be sure, Quantum may have filed a Proof of Claim in Texas which failed to comply with Rule 3001. However, even if that is true, it does not follow that they necessarily did so here. In all of this long, rambling and prolix filing, Critten does not allege any facts which show that the Proof of Claim filed by Quantum in this case fails to comply with Rule 3001.

The Court need not cite Rule 3001 in its entirety but will briefly summarize it. Rule 3001 is a technical set of rules which prescribe what a Proof of Claim should contain. To begin, a Proof of Claim must use the appropriate Official Form, as prescribed by the Judicial Conference of the United States. Rule 3001(a). Claims based upon a writing should contain a copy of the writing. Rule 3001(c)(1). Claims based upon credit card debts should have the name of the

company from whom the creditor bought the debt, the name of the company the debtor owed at the time of the last transaction, the date of the last transaction, the date of the last payment and the date on which the account was charged to profit and loss. Rule 3001(c)(3)(A).

While Critten does not cite any particular provision of the Rule which she believes Quantum violated, the part which appears to be most pertinent here is subpart (c)(3)(A) which calls for the claimant to provide certain supporting information in support of its claim. Rule 3001(c)(3)(A)(i)-(v), Fed. R. Bankr. P. For all of its length, Critten's complaint makes no reference to any of these subparts cited above, or for that matter, any specific part of the rule. Nor does it explain how she believes the proof of claim is deficient.[3] For this reason, the complaint does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 677-79, 129 S.Ct. 1937, 1949-50 (2009).

### B. Count II of the Amended Complaint should be dismissed because the failure to comply with Rule 3001 does not give rise to an independent cause of action

Count II–which seeks money damages for an alleged violation of Rule 3001–should be dismissed because a violation of Rule 3001 does not give rise to an independent cause of action. Critten has cited no cases, and the Court has found no cases, which stand for the proposition that

---

[3] In Paragraph 12 of the Amended Complain, Critten makes reference to the Statement of Account attached to Quantum's proof of claim, however, this reference purports to show that the claim is barred by the statute of limitations and not that the proof of claim fails to comply with Rule 3001.

-7-

Case 14-01050    Doc 35    Filed 04/10/15    Entered 04/10/15 17:56:01    Desc Main
                Document      Page 7 of 14

the failure to comply with Rule 3001 gives rise to an independent cause of action. The remedy for the failure to comply with Rule 3001 is to strip the claim of its prima facie validity.

Critten cites three cases for the proposition that there is a private right of action for a violation of Rule 3001. (Doc. 32, pp. 6-7). These cases will be examined one at a time. The first case cited by Critten for this proposition is Kerney v. Capital One Financial Corp. (In re Sims), 278 B.R. 457, 481 (Bankr. E.D. Tenn. 2002). The page cited by Critten stands for nothing more than the Bankruptcy Court has the inherent power to sanction a party for improper conduct. Id. In Sims, a class action suit was filed alleging that Capital One had a practice of filing claims for amounts in excess of that which was actually owed. The only similarity between Sims and the case at bar is that both involves claims in bankruptcy court. The Bankruptcy Court in Sims dismissed four of the six counts for failure to state a claim for which relief may be granted, leaving only counts 5 and 6. Count 5 in Sims was a claim for turnover, alleging that Capital One had been overpaid and should be required to return amounts improperly received. Critten made no such claim here. Count 6 in Sims alleged an overpayment on a claim and sought its return on several theories, such as false representation and abuse of process. Again, Critten makes no such claim here. She does not allege that Quantum improperly padded the amount of its claim; rather she alleges that Quantum did not comply with Rule 3001, a claim not made in Sims.

The second case cited by Critten is Thigpen v. Matrix Financial Svcs. Corp. (In re Thigpen), Adv. No. 04-1035, 2004 WL 6070299 (Bankr. S.D. Ala. Aug. 2, 2004). In Thigpen, a class action suit was brought against a lender for filing false affidavits in support of motions for

-8-

relief from the automatic stay.[4] This decision denied reconsideration of an earlier unpublished decision denying a motion to dismiss and granting the plaintiff's motion to strike a jury demand. Neither the reported decision in Thigpen cited above nor the earlier unreported decision make any mention of Rule 3001. All of which is to say that Thigpen does not support Critten's contention that she has a cause of action against Quantum for an alleged violation of Rule 3001.

The third case cited by Critten for the proposition in question was handed down by the District Court. McLean v. Greenpoint Credit, LLC (In re McLean), 515 B.R. 841 (M.D. Ala. 2014). In McLean, a debtor brought an Adversary Proceeding against a creditor who filed a proof of claim on an indebtedness which had been discharged in a previous bankruptcy. The District Court affirmed the Bankruptcy Court's holding that the creditor violated the discharge injunction in the earlier case when it filed the proof of claim in the latter case. McLean has nothing to do with Rule 3001 and the case does not support the proposition that a violation of Rule 3001 gives rise to a cause of action.

None of the cases cited by Critten in her brief support the proposition that the violation of Rule 3001 gives rise to an independent cause of action. Rather, the cited cases involve creditor misconduct in bankruptcy cases. The flaw in Critten's logic is that she equates a facial claim of a violation of Rule 3001 with sanctionable conduct.

While Critten does not discuss Rule 3001(c)(2)(D), that provision should be considered here.

---

[4] This decision in Thigpen makes reference to an earlier unpublished decision of the Court denying a motion to dismiss. To gain an understanding of what was going on in the published decision, one must read the earlier unpublished decision. (Bankr. S.D. Ala. Decision dated May 25, 2004) (Adv. Pro. 04-1035).

> If the holder of a claim fails to provide any information required by this subdivision (c), the court may, after notice and hearing, take either or both of the following actions:
>
> > (i) preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or
> >
> > (ii) award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

This provision was added to Rule 3001 in 2011. While it specifically mentions an award of expenses and attorney's fees, there is nothing in the language which indicates that Congress intended to create an independent action for the violation of Rule 3001. It appears clear enough from this language that this is a remedy which may be awarded in connection with a proceeding involving the validity of a claim and it does not create a stand-alone cause of action. Examination of the cases interpreting this language supports this reading.

In In re Reynolds, 470 B.R. 138 (Bankr. D. Colo. 2012), the court was faced with the question of what "other appropriate relief" means. In Reynolds, the Court stated that "because claim disallowance falls outside of the remedies enumerated under Rule 3001(c)(2)(D), the rule precludes such a remedy." Reynolds, 470 B.R. at 145. The Court in Reynolds allowed the creditor's claim finding that a failure to strictly comply with Rule 3001 was not a basis to disallow the claim. Moreover, the Court in Reynolds did not find cause to impose any other sanction. Though Reynolds did not consider the question of whether Rule 3001 creates an independent cause of action, if the remedy for noncompliance is not disallowance of the claim, it necessarily follows that the much greater remedy of an independent cause of action is likewise not allowed. See also Kelley v. FIA Card Servs, N.A. (In re Khatibi), Civ. No. 5:14-CV-

-10-

Case 14-01050    Doc 35    Filed 04/10/15    Entered 04/10/15 17:56:01    Desc Main
Document      Page 10 of 14

44,2014 WL 2617280, *5 (M.D. Ga. June 12, 2014) (holding that a claim will not be disallowed solely because of the failure to comply with Rule 3001); In re Gorman, 495 B.R. 823 (Bankr. E.D. Tenn. 2013) (to same effect); In re Brunson, 486 B.R. 759 (Bankr. N.D. Tex. 2013); In re Dunlap, Case No. 12-30710, 2013 WL 5497047 (Bankr. D. Colo. Oct 3, 2013); In re Rehman, 479 B.R. 238 (Bankr. D. Mass. 2012); Hall v. Roundup Funding, LLC (In re Hall), Case No. 10-98992-MGD, 2011 WL 1933752, *2 (Bankr. N.D. Ga. Apr. 4, 2011) (overruling objection to claim where there were other indicia of reliability of the claim in the record, notwithstanding the fact that the proof of claim failed to strictly comply with Rule 3001). All of this is to say that there is a considerable body of case law on the books concerning the question of what results when a Proof of Claim fails to comply with the technical requirements of Rule 3001. None of the cases cited by Critten and none which the Court has found by conducting its own research support the proposition that a debtor may sue a creditor and recover damages for the failure to comply with Rule 3001.

A recent case from the Eastern District of Tennessee is of interest: In re Wheeler, Case No. 12-12454, 2013 WL 2404003 (Bankr. E.D. Tenn. May 31, 2013). In Wheeler, a debtor objected to a claim filed by Quantum contending that Quantum's claim failed to comply with Rule 3001. The only significant difference between Wheeler and the case at bar is that in Wheeler the debtor objected with specificity as to how he thought Quantum's claim was deficient under Rule 3001. The court in Wheeler, citing its decision in Gorman, found that the failure to comply with Rule 3001 was not a sufficient basis upon which to disallow a claim.

Critten alleges in Count II of her Amended Complaint that by violating Rule 3001, Quantum has committed a contempt of court. Contempt is the willful disobedience of a court

-11-

order.  Georgia Power Co. v. NLRB, 484 F.3d 1288, 1291 (11th Cir. 2007); McGregor v. Chierico, 206 F.3d 1278, 1283 (11th Cir. 2000); Cook v. Ochsner Foundation Hospital, 559 F.2d 270, 272 (5th Cir. 1977).  There is no support for the proposition that a debtor may bootstrap a technical rule violation to a contempt of court.  As Critten has not identified an order of this Court which she believes Quantum has violated, it follows that there can be no contempt of court.

Examination of Bankruptcy Rule 3001 does not indicate any intention to create a private right of action.  Rule 3001 is a claims processing rule intended to aid the Court in determining whether a given bankruptcy claim should be allowed.  A properly filed proof of claim is prima facie evidence that a creditor has a valid claim.  Rule 3001(f).  It follows that a proof of claim which runs afoul of the rule is not entitled to a presumption of validity.  The remedy provided at Rule 3001(c)(2)(D) deals exclusively with the claims allowance process within a bankruptcy case.  To infer a free standing cause of action from this provision would be to stretch the rule beyond its breaking point.

### C.  Count III of the Amended Complaint fails to state a claim as the adoption of an Official Form does not give rise to a private right of action

One who hopes to get paid in a bankruptcy proceeding must file a proof of claim.  11 U.S.C. § 501.  One who files a proof of claim in a bankruptcy case is required to use Official Form B 10 as prescribed by the Judicial Conference of the United States.  Rules 3001(a), 9009.  Form B 10 requires that it be signed by the creditor or an appropriate representative.  Immediately above the signature line the following certification is called for: "I declare under

-12-

Case 14-01050    Doc 35    Filed 04/10/15    Entered 04/10/15 17:56:01    Desc Main
Document      Page 12 of 14

penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information and reasonable belief." One who files a false claim is subject to criminal prosecution. 18 U.S.C. §§ 152 and 3571. None of this is to say that there is a private right of action for not filling out the form properly. In Part III(B), <u>supra</u>, the Court discussed why there is no private right of action for the failure to strictly comply with Rule 3001. That discussion is also appropriate here.

## IV. CONCLUSION

The Plaintiff's complaint is dismissed because it fails to state a claim for which relief may be granted. First, Critten alleges in general terms a violation of Rule 3001 but her complaint is deficient because she does not allege any facts showing a violation. Second, even she had alleged that Quantum violated Rule 3001, it does not follow that there is a private right of action for such a violation. The consequence resulting from the failure to comply with Rule 3001 is to strip the claim of its prima facie validity but not necessary disallow the claim, and certainly not provide a private right of action for damages. Third, to the extent that Critten seeks disallowance of Quantum's claim, that is moot because the Court has, in proceedings in the main bankruptcy case, already sustained Critten's objection and disallowed the claim. Fourth, to the extent that Critten seeks remedies for contempt of court, she has failed to identify any order of the Court which Quantum has flouted. The violation of a procedural rule is not contempt of court. Assuming that all the facts pled by Critten are true, she has failed to state a claim for which relief may be granted. Accordingly, the Amended Complaint should be dismissed with prejudice. The Court will enter a separate order to this effect.

April 10, 2015.

>William R. Sawyer
>United States Bankruptcy Judge